```
                    UNITED STATES BANKRUPTCY COURT
                     EASTERN DISTRICT OF KENTUCKY
                          PIKEVILLE DIVISION


IN RE:

J & A EXCAVATION

DEBTOR                                      CASE NO. 07-70583


ROBIN L. BROWNING                           PLAINTIFF

VS.                                         ADV. NO. 09-7016

DYNO NOBEL, INC.                            DEFENDANT
```

**MEMORANDUM OPINION**

These matters are before the court on Plaintiff's Motion for Partial Summary Judgment (DOC 30), and on Defendant's Motion for Partial Summary Judgment (DOC 32). A hearing was held on August 5, 2010. The court took the matters under submission.

The Chapter 7 Trustee filed this adversary alleging only two causes of action. Count I is that $37,025.56 paid to Defendant was a preference which is avoidable under 11 U.S.C. § 547. Count II is that $26,518.62 paid to Defendant was a post-petition transfer which is avoidable under 11 U.S.C. § 549.

Plaintiff moves for summary judgment as to only Count II, while Defendant moves for summary judgment as to only Count I.

The court has jurisdiction pursuant to 11 U.S.C. § 1334. This is a core proceeding under 28 U.S.C. § 157.

Facts

Between September 14, 2007 and December 14, 2007, Debtor made payments to the Defendant in the total amount of $37,025.56. Those payments were for explosives that Defendant sold to the Debtor, and they were made on a cash on delivery basis.

Debtor filed its Chapter 7 bankruptcy on December 14, 2007.

Debtor continued to operate its business post-petition without obtaining court approval.

Defendant received total post-petition transfers of $26,518.62 from Debtor after the bankruptcy filing during the period of December 24, 2007 to January 16, 2008. Those payments were for explosives that Defendant sold to the Debtor, and they were made on a cash on delivery basis.

Defendant had no knowledge that the Debtor filed for bankruptcy until December 23, 2009.

Conclusions of Law

The trustee argues under Count I that $37,025.56 paid to defendant was a preference which is avoidable under 11 U.S.C. § 547.

11 U.S.C. § 547 allows the trustee to avoid a transfer of an interest of the debtor in property (1) to or for the benefit of a creditor; (2) for or on account of an antecedent debt owed by the debtor before such transfer was made; (3) made while the debtor was insolvent; (4) made (A) on or within 90 days before the date of the filing of the petition; or (B) between 90 days and one year before the date of the filing of the petition, if such creditor at the time of

such transfer was an insider; and (5) that enables the creditor to receive more than such creditor would receive if (A) the case were a case under chapter 7; (B) the transfer had not been made; and (C) such creditor received payment of such debt to the extent provided by the provisions of this title.

Defendant argues that the $37,025.56 paid to Defendant was not a preference which is avoidable under 11 U.S.C. § 547 because the transfer was not for or on account of an antecedent debt.

If a creditor gives goods and services on a cash on delivery basis, the debtor's payments are not for antecedent debt. *See* In re Phoenix Restaurant Group, Inc., 317 B.R. 491, 499 (M.D. Tenn. 2004) and In re Roberds, 315 B.R. 443, 471 (Bankr. S.D. Ohio 2004).

Here, Defendant has presented proof by affidavit that the payments were made on a cash on delivery basis. Plaintiff argues (1) that the amount paid does not match the invoice on three occasions, and (2) that Defendant has not shown intent. However, neither of those arguments are relevant to the issue of whether the transfers occurred on a cash delivery basis, and Plaintiff provides no evidence that the transfers did not occur on a cash on delivery basis. The court finds that the transfers were on a cash delivery basis and that those transfers are not for or on account of an antecedent debt owed by the Debtor. Thus, the transfers are not avoidable by the trustee.

The trustee argues under Count II that the $26,518.62 paid to Defendant was a post-petition transfer which is avoidable under 11 U.S.C. § 549.

11 U.S.C. § 549 allows the trustee to avoid a transfer of property of the estate (1) that occurs after the commencement of the

case; and (2)(A) that is authorized only under section 303(f) or 542(c) or (B) that is not authorized under this title or by the court.

    Defendant argues that it would be inequitable for the trustee to keep the explosives and recover the post-petition payments. However, there is no evidence that the trustee even has the explosives. Defendant argues that it had no knowledge of the bankruptcy while the transfers occurred. However, that is irrelevant as 11 U.S.C. § 549(c) only protects a good faith purchaser of real estate without knowledge of the commencement of the case, it does not protect a seller such as defendant. Defendant blames the trustee for allowing unauthorized post-petition activities. However, the fact remains that the transfers were post-petition and were unauthorized. Defendant argues that transfers are not always voided where there is a more just resolution citing <u>Peoples Bank and Trust Co. v. Burns</u>, 95 Fed. Appx. 801, 806 (6th Cir. 2004) and <u>In re Tippett</u>, 338 B.R. 82, 87 (9th Cir. BAP 2006). However, the <u>Peoples Bank</u> involved the earmarking doctrine, and <u>In re Tippett</u> concerned a good faith purchaser. The earmarking doctrine is not implicated here, and defendant is not a good faith purchaser; thus those cases are inapplicable. Finally, Defendant argues that it has a right of setoff because debtor's bank account had grown, it contends, as a result of Debtor buying explosives from Defendant post-petition. However, there is no evidence that Debtor's bank account increased because of the purchase of explosives. Here, there is a post-petition transfer that was not authorized. Thus, the post-petition transfer may be avoided by the trustee.

    This memorandum opinion includes the court's findings of fact and conclusions of law. A separate order in conformity with this

```
memorandum opinion shall be entered.
```

5

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~
*The affixing of this Court's electronic seal below is proof this document has been signed by the Judge and electronically entered by the Clerk in the official record of this case.*



**Signed By:**
*Tracey N. Wise*
**Bankruptcy Judge
Dated: Friday, August 06, 2010
(tnw)**